FILED
United States Court of Appeals
Tenth Circuit

May 19, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY VEASMAN,

  Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

  Respondent-Appellee.

No. 08-5023

(N.D. of Okla.)

(D.C. No. CV-04-602-TCK-PJC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Henry Elvis Veasman seeks a certificate of appealability (COA) to

challenge the district court's denial of habeas corpus relief to him under 28

U.S.C. § 2254.  The district court denied all seven of Veasman's constitutional

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

claims. Proceeding *pro se*,[1] Veasman now seeks a COA from this court on five of the grounds raised below.

We conclude Veasman is not entitled to relief under § 2254 and therefore DENY his request for a COA.

## I. Background

Veasman was convicted of drug and firearm offenses in Oklahoma state court. The court imposed a cumulative sentence of imprisonment of 61 years. After his conviction and sentencing, Veasman appealed to the Oklahoma Court of Criminal Appeals (OCCA). He raised seven propositions of error,[2] all of which were rejected by the OCCA. Veasman restated the same seven claims in a petition for habeas corpus filed in the federal district court. Veasman also sought an evidentiary hearing to supplement the record for his habeas petition. The district court rejected all seven of Veasman's claims and denied him an evidentiary hearing. This request for a COA followed.

---

[1] Because Veasman proceeds *pro se*, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The seven alleged errors were: (1) error in overruling his motion to suppress; (2) insufficient evidence to prove possession of marijuana with intent to distribute; (3) insufficient evidence to prove use of a weapon in commission of a felony; (4) prosecutorial misconduct; (5) error in rejecting his motion for severance; (6) improper calculation and excessive length of sentence; and (7) cumulative error depriving him of a fair trial.

## II. Discussion

To obtain a COA, Veasman must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Veasman seeks a COA from this court on five grounds. First, he argues the Oklahoma trial court erred in denying his motion to suppress. Second, he asserts prosecutorial misconduct during the course of his trial. Third, he claims the trial court erred in denying his motion to sever his trial from the trial of his co-defendant. Fourth, he argues his sentence was improperly calculated under an out-of-date statute. Fifth, he states the cumulative effect of the four errors he alleges deprived him of a fair trial.

For substantially the same reasons set forth by the district court, we conclude that Veasman's petition has no merit. We address each argument in turn.

*Motion to Suppress*

The district court determined it was precluded from reviewing Veasman's Fourth Amendment motion-to-suppress claim because Veasman had a full and fair opportunity to litigate the claim in state court. The district court's conclusion was correct.

The Supreme Court has long held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). This rule has survived the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See, e.g.*, *Brown v. Sirmons*, 515 F.3d 1072, 1082–83 (10th Cir. 2008) (applying rule announced in *Stone*). Because we agree with the district court that the OCCA fully and fairly adjudicated Veasman's Fourth Amendment claim, we cannot consider the claim here.

*Prosecutorial Misconduct*

Veasman alleges various acts of prosecutorial misconduct, including improper closing remarks and appeals to societal alarm. We agree with the district court that none of the prosecutor's alleged misconduct rises to the level of a constitutional violation. "Generally, a prosecutor's improper remarks require reversal of a state conviction only if the remarks 'so infected the trial with

unfairness as to make the resulting conviction a denial of due process.'" *Hung Thanh Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Veasman points to no misconduct rising to that level here.

*Motion for Severance*

Veasman argues the Oklahoma trial court should have severed his trial from the trial of his co-defendant. Severance is generally a question of state law not cognizable in federal habeas proceedings. *See Fox v. Ward*, 200 F.3d 1286, 1292 (10th Cir. 2000). Veasman can state a claim for relief, however, if "there is a strong showing of prejudice caused by the joint trial." *Id.* (quoting *Cummings v. Evans*, 161 F.3d 610, 619 (10th Cir. 1998)). "Such actual prejudice is shown if the defenses are truly mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." *Id.* at 1293 (quotation omitted).

We agree with the district court that Veasman's allegations do not meet this standard. As the OCCA noted, the defenses of Veasman and his co-defendant were almost entirely consistent with each other; the jury did not need to entirely discount one to believe the other. Veasman has not suffered prejudice rising to the level of a constitutional violation.

*Sentencing Calculations*

The district court correctly concluded habeas relief is not available to Veasman based on the length of his sentence. Veasman's primary argument is that he was sentenced under an out-of-date statute to 40 years imprisonment for manufacturing methamphetamine. He correctly notes the applicable portion of the Oklahoma sentencing statute for that crime was changed from a range of "20 years to life" to "7 years to life." *Compare* Okla. Stat. tit. 63, § 2-401(G)(2) (2000), *with id.* (2002); *see also* 2001 Okla. Sess. Laws ch. 437, § 31(C). The change took effect after Veasman committed the crime, but before his conviction and sentencing. Because this is the first time Veasman has raised this argument, however, we will not consider it.

It is well settled that an argument not raised on direct appeal in state court will be procedurally barred absent several exceptions not relevant here.[3] *See Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002) ("In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts."); *Medlock v. Ward*, 200 F.3d 1314, 1322–23 (10th Cir. 2000) ("We may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and

---

[3] On direct appeal to the OCCA, Veasman claimed his sentence violated Oklahoma law for the sole reason that its length was "excessive" and "shocked the conscience." R., Ex. D (Aplt. Br.) at 37 (citing *Bartell v. Oklahoma*, 881 P.2d 92, 101 (Okla. Crim. App. 1994)).

adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." (internal quotation marks omitted)). Veasman gives us no reason to depart from the general rule that arguments not presented in the state courts will not be considered on habeas review.

*Cumulative Error*

Because we conclude the district court correctly determined all four of Veasman's other claims lacked merit, the district court was obviously correct to conclude there was no cumulative error. *See, e.g.*, *Workman v. Mullin*, 342 F.3d 1100, 1116 (10th Cir. 2003) (concluding defendant's "sentence cannot be unconstitutional due to cumulative error because we have not found that the district court committed error").

## III. Conclusion

For the reasons set forth above, we DENY Veasman's petition for a COA. We GRANT his motion to "hold his pro se pleadings in [sic] less stringent standards."

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge